# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

RONNIE LEE HOUSTON,        )
                                )

      **Plaintiff,**        )
                                )

**v.**                             )
                                )

**SHELDON SPERLING, et. al.,**   )      **Case No. 12-CV-410-JHP**
                                )

      **Defendants.**      )

## ORDER

Before the Court are Plaintiff's Motion to Strike [Doc. No. 11]; Defendant Office of District Attorney 20th District Attorney's ("District Attorney's Office") Motion to Dismiss [Doc. No. 13]; Defendant Ronald A. White's ("Judge White") Motion to Dismiss [Doc. No. 16]; Plaintiff's Response to Defendant District Attorney's Office's Motion to Dismiss [Doc. No. 20]; and Plaintiff's Motion for Discovery [Doc. No. 20]. Upon careful review of the instant action, the Court finds that Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Consequently, the District Attorney's Motion to Dismiss is **DENIED as MOOT;** Judge White's Motion to Dismiss is **DENIED as MOOT**[1]**;** and Plaintiff's Motion to Strike is **DENIED as MOOT.**

## RELEVANT BACKGROUND

On October 1, 2012, Plaintiff, an inmate currently incarcerated at the Federal Correctional Complex in Florence, Colorado, and proceeding *pro se,*[2] brought the instant action, naming "U.S., et. al.," "Sheldon J. Sperling, et. al.," "Mitchell D. Sperry, et. al.," and "Ronald A. White, U.S. – Judge" as parties to the suit. [Doc. No. 1 at 1].[3] In his complaint, Plaintiff asserts civil rights violations stemming from the seizure of a vehicle by

state authorities after Plaintiff was arrested in 2002. [*Id.* at 11]. Plaintiff explains that he took

the following steps over a period of years in order to secure the return of the forfeited vehicle:

1. Plaintiff sent a letter to the District 20 Task Force in 2004 requesting the release of the seized automobile, but did not receive a response. [*Id.*]

2. Sometime later, Plaintiff instructed a friend to go to the offices of the District 20 Task Force to inquire into the status of the seized automobile. [*Id.* at 12].

3. In 2008, Plaintiff instructed the same friend to place a phone call to the District 20 Task Force to inquire into the status of the seized automobile. [*Id.*]

4. In late 2009, Plaintiff filed a Rule 41(G) Motion in this Court, asking that all seized property be returned. [*Id.*] On February 25, 2010, the Rule 41(G) Motion was resolved in favor of the government. [*Id.* at 13].[4]

Plaintiff further alleges that he was able to determine that the seized automobile was actually the

subject of a forfeiture on November 21, 2003, in Carter County. [*Id.* at 14]. However, the seized

automobile, bearing VIN# 1M39H2S268339, which was the subject of the November 21, 2003

forfeiture proceeding referenced by Plaintiff, was never registered to Plaintiff. [*See* Doc. No. 13

Ex. 1].[5]

## DISCUSSION

As stated above, Plaintiff has been granted leave to proceed *in forma pauperis* in this

action. Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), a district court may

dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is

frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §

1915(e)(2)(B)(ii).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is

obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give

him an opportunity to amend." *Curley v. Perry,* 246 F.3d 1278, 1281 (10th Cir.2001) (internal

quotation omitted). "In determining whether a dismissal is proper, [courts] must accept the

allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng,* 292 F.3d 1222, 1224 (10th Cir. 2002). In sum, courts apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. *See Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (holding the standard of review for Rule 12(b)(6) and § 1915(e)(2)(B)(ii) dismissals are the same).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). While a complaint need not contain "detailed factual allegations" to survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570); *see Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008). Of course, well-pleaded facts are distinguished from conclusory allegations, and "unsupported conclusions of the pleader may be disregarded, especially when limited or negated by the substance of facts pleaded." *Cohlmia v. Ardent Health Services, LLC*, 448 F. Supp. 2d 1253, 1262 (N.D. Okla. 2006) (quoting *Lillard v. Stockton,* 267 F.Supp.2d 1081, 1093 (N.D. Okla. 2003) (internal citations and quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* at 679. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

Pro se pleadings must be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). *Pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and must construe them liberally. *Id.* at 520. Nevertheless, the Court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, even *pro se* plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994).

Plaintiff's allegations are vague and unclear. Nevertheless, construing Plaintiff's complaint liberally, it appears that Plaintiff alleges a variety of constitutional violations arising from the seizure of an automobile allegedly belonging to Plaintiff. However, the vehicle Plaintiff alleges to have been unconstitutionally seized was not Plaintiff's property. In light of this fact, Plaintiff's complaint fails to state a claim for a violation of his constitutional rights based on a deprivation of the seized vehicle referenced in his complaint. Accordingly, Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Upon careful review of the instant action, Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). Consequently, the District Attorney's Motion to Dismiss is **DENIED as MOOT;** Judge White's Motion to Dismiss is **DENIED as MOOT;** and Plaintiff's Motion to

Strike is **DENIED** as **MOOT.** Furthermore this dismissal shall be counted as a **strike** pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 5th day of March, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[1]The Court notes that in his Response to Judge White's Motion to Dismiss, Plaintiff implicitly confessed Judge White's Motion, stating, "Plaintiff voluntarily moves to dismiss Party Ronald A. White to suit [*sic*]." [Doc. No. 20].

[2] Plaintiff has been granted leave to proceed *in forma pauperis.* [Doc. No. 2].

[3] The Court liberally construes Plaintiff's claims to be against these defendants in both their individual and official capacities. *See Hull v. State of New Mexico Taxation and Revenue Dep't,* 179 Fed. Appx. 445, 447 (10th Cir. 2006) (citing *Brady v. Smith,* 656 F.2d 466, 469 (9th Cir. 1981)). In addition, the Court notes that it is unclear whether Plaintiff has properly served these parties in their individual and official capacities.

[4] While the Court has serious concerns regarding Plaintiff's compliance with the applicable limitations period, the Court need not address this issue as Plaintiff's claims must be dismissed on other grounds.

[5] The Court takes judicial notice of the contents of the exhibits to the District Attorney's Motion to Dismiss. [Doc. No. 13, Ex. 1,2]. As explained by the United States Court of Appeals for the Tenth Circuit in *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006), the Court may take judicial notice of these exhibits without converting the motion to dismiss into a motion for summary judgment:

> Ordinarily, consideration of material attached to a defendant's answer or motion to dismiss requires the court to convert the motion into one for summary judgment and afford the parties notice and an opportunity to present relevant evidence. Fed.R.Civ.P. 12(b); *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996). However, facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. *See Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004) (citing 27A Fed. Proc., L.Ed. § 62:520 (2003)). This allows the court to "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000).